**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2237-WJM

LAINE F. SELF,

    Appellant,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Appellee.

**ORDER DENYING MOTION FOR ATTORNEYS' FEES, AND DENYING WITHOUT PREJUDICE MOTION FOR COSTS**

On May 8, 2015, the Court vacated the Commissioner's denial of benefits to Plaintiff Laine F. Self ("Self") and remanded this action for further proceedings. (ECF No. 19.) This matter is now before the Court on Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act and For Costs Under 28 U.S.C. § 1920 ("Motion"). (ECF No. 25.) For the reasons set forth below, the Motion is denied with respect to Self's request for attorneys' fees and denied without prejudice with respect to his request for costs.

**I. LEGAL STANDARD**

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. . . .

The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II. ANALYSIS

### A.    Fees

The Court remanded this action to the Commissioner for further proceedings based on its conclusion that the Administrative Law Judge ("ALJ"):

1. improperly discounted the severity of Self's claimed depression because it had never been formally diagnosed; because the depression apparently stems from physical pain; and because the ALJ believed that Self's depression was self-diagnosed, which was an obvious misreading of an exhibit (ECF No. 19 at 5–6);

2. relied on an outdated report to determine Self's ability to carry on activities of daily living (*id.* at 7–9);

3. failed to adequately explain why certain medical opinions deserved more weight than others (*id.* at 9–11); and

4. misunderstood Self's prior work history, thus leading to unsupported conclusions at Steps Four and Five (*id.* at 11–16).

Notably, and commendably, the Commissioner did not defend the ALJ's reasoning with respect to items 1 and 2, which were among the most obvious errors. (*See id.* at 5 (noting that the Commissioner had chosen not to respond to certain of Self's arguments).)  Instead, addressing Self's arguments with respect to item 3, the Commissioner argued that the ALJ's reasoning with respect to the medical opinions

was itself sufficient to sustain the ALJ's findings.  (*Id.*)  Although this Court ultimately disagreed, the Court did not view the Commissioner's arguments as substantially unjustified, nor would the ALJ have been substantially unjustified had that been the only reasoning on which he relied.  *Cf.* 28 U.S.C. § 2412(d)(2)(D) (requiring this Court to judge substantial justification with reference to the Commissioner's arguments on appeal as well as the ALJ's reasoning below).

Concerning item 4, the Court again finds that the Commissioner's position here, and the ALJ's reasoning below, was substantially justified, if ultimately erroneous.  As discussed at length in this Court's prior order, it was not only the ALJ that misunderstood Self's prior work history.  All parties, including Self and the vocational expert, contributed to a minor comedy of errors at Self's hearing, leading the ALJ and everyone else to believe that Self had performed "skilled" work as a "sales manager" when in fact he had not.  (ECF No. 19 at 11–15.)  This assumption led the ALJ into further reasoning errors.  (*Id.* at 15–16.)  Because these errors were a collective effort, so to speak, the ALJ was substantially justified in his reasoning.  Moreover, because Self's and the vocational expert's confused hearing testimony appears to support the ALJ's conclusions, the Commissioner was substantially justified in defending the ALJ's conclusions on appeal.

Considering the foregoing, the Court "finds that the position of the United States was substantially justified," and so an award of EAJA attorneys' fees is inappropriate.  28 U.S.C. §  2412(d)(1)(A).

**B.      Costs**

Self also requests that the Court award him his filing fee as a taxable cost. (ECF No. 21-1 at 2, 6.) D.C.COLO.LCivR 54.1 governs taxation of costs. Self accordingly must file a bill of costs on the form provided by that Local Rule. Although the Local Rule requires that the bill of costs be filed no later than fourteen days after entry of judgment, the Court, in the interests of justice, will extend that deadline to fourteen days after entry of this order.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Self's Motion for Attorneys' Fees Under the Equal Access to Justice Act and For Costs Under 28 U.S.C. § 1920 (ECF No. 25) is DENIED as to the request for attorneys' fees and DENIED WITHOUT PREJUDICE as to the request for costs; and

2. Self may request his costs by filing a bill of costs per D.C.COLO.LCivR 54.1 no later than December 4, 2015.

Dated this 20th day of November, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge